MERCHANTS & FARMERS BANK v. CARDWELL *et al.*

(*Knoxville,* September Term, 1938.)

Opinion filed April 1, 1939.

GODDARD & GAMBLE, of Maryville, for complainant.

GREEN, WEBB, BASS & McCAMPBELL, of Knoxville, for defendants.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a suit on a note, liability being resisted upon the ground that it was executed without consideration.

The chancellor found for complainant and his decree was affirmed by the Court of Appeals. Both complainant and defendants have filed a petition for writ of *certiorari*.

The uncontroverted facts are substantially as follows: On June 24, 1928, the defendants executed a note to the Peoples Bank, of Lenoir City, for $4,333, payable six months after date. At that time, and continuously thereafter until the closing of the bank on November 20, 1930, the defendants were stockholders, directors and members of the Finance Committee of that institution. This note was executed at the suggestion of the Bank Examiner of the State, and after he had ordered the bank to charge off certain notes aggregating $4,333. To have charged off said notes would have reduced the surplus of the bank below the required 10 per centum of its capital stock. In order to avoid this the note referred to above was executed, with the understanding between the defendants, as individuals and as representatives of said bank, that it would be paid out of the earnings of the bank. The note was renewed on January 2, 1929, by the note sued on in this cause, the renewal note being payable thirty-six months after date, and has been credited with the sum of $833, which was paid out of the earnings of the bank. This note was listed as an asset of the bank when it ceased to do business on November 20, 1930. Subsequently, the receiver of said bank sold all of its assets, including this note, to complainant. This note was acquired by complainant for value and before maturity, but not having been endorsed, it is conceded that complainant is not a holder in due course. *Doughty-Stevens Co. v. Greene County Union Bank*, 172 Tenn., 323, 112 S. W. (2d) 13.

The liability of defendants depends upon whether their

promise to pay was supported by a valuable consideration. The authorities are practically unanimous in holding that a note or bond executed by directors, officers or stockholders of a bank, to make good an impairment of the bank's assets so that the bank may continue in business, is based upon a valid consideration. 10 C. J. S., Bills and Notes, 624, section 151; 7 Am. Jur., 939; 95 A. L. R., 534. In the note to the Corpus Juris Secundum text will be found listed a number of cases supporting the rule with no decisions holding to the contrary.

The present cause is easily distinguishable from that of *McConnell* v. *McCleish & Thomas*, 159 Tenn., 520, 19 S. W. (2d), 251, in that in the latter case the defendants were neither directors, officers nor stockholders of the bank.

In view of the conclusions announced herein, it is unnecessary to consider the question of altering a written contract by parol testimony, which was the ground upon which the Court of Appeals affirmed the decree of the chancellor. The Court of Appeals reached a correct result, and we, therefore, deny both writs.